UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| SEAN FRANKLIN,<br><br>  Petitioner,<br><br>vs.<br><br>JOSEPH ROEMICH,[1]<br><br>  Respondent. | 4:25-CV-04183-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION IN FULL AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |

Petitioner, Sean Franklin, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking habeas relief. Docket 1. The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and the District of South Dakota's Civil Local Rule of Practice 72.1.A.2(b), which designates to the magistrate judge the duty to prepare proposed findings and recommendations for the disposition of habeas petitions. Magistrate Judge Veronica L. Duffy submitted a report and recommended that Franklin's petition be dismissed without prejudice to allow him to exhaust his claims in state court. Docket 5 at 4. The time for objecting to the report and recommendation has passed. *See id.* Franklin did not file objections to the report and recommendation, but he sent a letter seeking clarification why his motion for appointment of counsel was denied. Docket 6. After Franklin's time for filing

---

[1] The correct spelling of the name of the Warden of the South Dakota State Penitentiary is Joseph Roemmich.

objections to the report and recommendation had expired, Franklin filed a second motion for appointment of counsel. Docket 8. Franklin seeks appointment of counsel because he suffers from a severe mental illness/disability and has been unable to work for two months. *Id.* at 2

Magistrate Judge Duffy properly denied Franklin's motion for appointment of counsel as moot based on her recommendation that his petition for writ of habeas corpus be denied without prejudice to permit him to properly exhaust his claims in state court. *See* Docket 6. "[T]here is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases." *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). Because a habeas action is civil in matter, the Sixth Amendment right to counsel does not apply. *Id.* A magistrate judge may appoint counsel for a habeas petitioner if "the interests of justice so require[.]" 18 U.S.C. § 3006A(a)(2)(B). If the court conducts an evidentiary hearing on the petition, the interests of justice require that the court appoint counsel for the petitioner. *See* Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts. If no evidentiary hearing is necessary, the appointment of counsel is discretionary. *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994). Here, Magistrate Judge Duffy did not consider the merits of Franklin's claims because she recommended that his petition be dismissed without prejudice so that he may properly exhaust his claims in state court.² Docket 5

---

² Whether Franklin has a right to counsel in a state habeas proceeding is a matter of state law, not federal law. Thus, this court's determination that

2

at 4. If, after exhausting his claims in state court, Franklin files another petition for writ of habeas corpus under 28 U.S.C. § 2254, Franklin, may, if he chooses, file a motion for appointment of counsel along with that petition. But Franklin's second motion for appointment of counsel, Docket 8, is also denied as moot. Before the court can consider the merits of Franklin's claims, Franklin must properly exhaust his claims in state court. This court does not have authority to appoint counsel to assist Franklin in exhausting his claims in state court.

The court has considered the case de novo and adopts the report and recommendation in full. Thus, it is ORDERED:

1. That the Magistrate Judge's report and recommendation (Docket 5) is adopted in full, and Franklin's petition under 28 U.S.C. § 2254 (Docket 1) is dismissed without prejudice to allow him to exhaust his claims in state court.

2. That Franklin's second motion for appointment of counsel (Docket 8) is denied as moot.

3. That based upon the reasons set forth herein and pursuant to Fed. R. App. P. 22(b), the court finds that the petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C.

---

Magistrate Judge Duffy properly denied his motion for appointment of counsel as moot is limited to this federal proceeding under 28 U.S.C. § 2254.

§ 2253(c)(2). Therefore, a certificate of appealability is denied.

Dated October 21, 2025.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE